Plaintiff’s intestate, an employee of Darin & Armstrong, Inc., which had a cost-plus fixed fee contract with General Motors Corporation to demolish a building and erect another on its site, was killed when he fell through the roof of the building being demolished and upon which he was working. Intestate jumped upon a portion of the roof which had previously been cut into sections, which broke beneath him and occasioned the fall to his death. The tar paper roofing had not been removed from the roof when or before it had been cut into sections, and it was, therefore, impossible for intestate to see whether the planking beneath the tar paper roofing was supported or not, or where the roofing planks ‘beneath the tar paper ended. Circle Construction Corporation, the owner of a crane used in the demolishing operation, was made a party defendant. Judgment, entered upon the verdict of a jury in plaintiff’s favor against General Motors Corporation, dismissing the complaint as against Circle Construction Corporation, and dismissing the cross complaint of General Motors Corporation against Circle Construction Corporation upon direction of the trial court at the close of the case, insofar as appealed from, unanimously affirmed, with one bill of costs in favor of Circle Construction Corporation against General Motors Corporation and the plaintiff, and one bill of costs in favor of plaintiff and against General Motors Corporation. In our opinion if there were evidence upon which the jury could have found that the operation of the crane was a proximate cause of the accident, its owner or operator would have been but a joint tort-feasor in pari delicto with the defendant responsible for the unnecessarily unsafe place where intestate was at work. There was evidence upon which the jury could find that the owner of the building reserved to itself and exercised such supervision over the work being done by intestate and his employer as to constitute it, in effect, a general contractor, whose negligence was the proximate cause of the accident. (Thorsen v. Slattery Contr. Co., 272 App. Div. 931, and cases there cited.) Present — Nolan, P. J., Carswell, Adel, Sneed and MaeCrate, JJ.